SARA MARIE BRUMFIELD & ARAX "RENEE" BRUMFIELD
v.
ASHLEY N. SPERA
No. 2009 CA 0566.
Court of Appeals of Louisiana, First Circuit.
December 23, 2009.
Not Designated for Publication
ARAX "RENEE" BRUMFIELD JIMMIE ARNOLD BRUMFIELD II, Counsel for Plaintiffs/Appellants, Sara Marie Brumfield Arax "Renee" Brumfield, Pro Se.
ANDREW W. EVERSBERG Counsel for Defendants/Appellees, Ashley N. Spera and General Insurance Company of America.
RICHARD S. THOMAS Counsel for Intervenor/Appellee, State Farm Mutual Automobile Insurance Company.
Before: WHIPPLE, HUGHES, and WELCH, JJ.
HUGHES, J.
This is an appeal from a jury verdict in a civil case finding no fault on the part of the plaintiff automobile accident victim, but failing to award damages. For the reasons that follow, we affirm the judgment in part, reverse in part, and render judgment as stated hereinafter.

FACTS AND PROCEDURAL HISTORY
On October 7, 2003 the plaintiff, Sara Marie Brumfield, was driving her 2003 Audi A 4 sedan on the LSU campus when she stopped to yield to pedestrian traffic and was rear-ended by the defendant, Ashley Spera, who was driving a 1999 Jeep Cherokee. In order to avoid blocking traffic, Ms. Brumfield and Ms. Spera moved their vehicles to the side of the roadway to await the arrival of the campus police. Officer Reginald J. Berry of the LSU campus police department investigated the accident. Officer Berry recorded in his official report, made on that date (introduced into evidence at trial without objection by the parties), that Ms. Brumfield had lawfully stopped her vehicle at the time of the accident, that the accident was caused by Ms. Spera's "driver violation," and that Ms. Spera was "following too closely." Officer Berry further noted in his initial report that Ms. Brumfield had made a "sudden stop to yield for a pedestrian" when Ms. Spera struck Ms. Brumfield's car "due to her not being able to stop in time," and that Ms. Brumfield's statement concurred with Ms. Spera's statement
Upon receiving a copy of Officer Berry's accident report, Ms. Brumfield discovered what she considered to be inaccuracies, as she maintains she did not indicate to the officer that she agreed with Ms. Spera's version of the accident. She then arranged with the campus police department for the report to be corrected, and a second report was made on October 28, 2003, with both Ms. Brumfield and Ms. Spera giving additional statements. In the second report (also admitted into evidence at trial without objection), Officer Berry's handwritten narrative indicated that just prior to striking Ms. Brumfield's car, Ms. Spera's vehicle was hit from behind by a third vehicle, which "caused" Ms. Spera's vehicle to strike Ms. Brumfield's vehicle; however, the driver of this third vehicle was unknown as he "fled the scene." No fault was attributed by Officer Berry to either Ms. Spera or Ms. Brumfield in the second accident report. In addition, the handwritten narratives of both Ms. Brumfield and Ms. Spera were attached to the second accident report. Ms. Brumfield's narrative stated:
Last week I broke my toe, so [Sjtudent Health gave me a medical pass to use for parking. There are medical spots on Fieldhouse Dr. and I usually find a spot near my 12:00 class. On 10/7/03 I was driving down Fieldhouse Dr. I stopped in front of the entrance to Lockett and I was behind several cars waiting for pedestrians to cross at the crosswalk just past [Ljockett. []I had been stopped for several seconds and while completely stopped, a 1999 Jeep [rear-ended] me and another vehicle [rear-ended] the 1999 Jeep. I told this to the officer but the information was not written in the report.
Ms. Spera's narrative stated:
I was driving on campus when the vehicle in front stopped short and I slammed on my brakes, the vehicle behind me hit me and pushed my vehicle to hit the one in front of me. [M]e and the girl in front of me pulled over and the truck behind me left.
Concerning her statement, Ms. Brumfield testified at trial that she only reported that a third vehicle was involved in the accident because Ms. Spera told her that another vehicle was involved; Ms. Brumfield stated that she did not personally observe a third vehicle strike Ms. Spera's Jeep.
On February 17, 2004 the instant suit was filed by Ms. Brumfield and her mother, Arax "Renee" Brumfield (as owner of the Audi), against Ms. Spera for damages sustained as a result of the accident,[1] citing Ms. Spera's breach of her duty as a following driver, imposed by LSA-R.S. 32:81(A). SAFECO Insurance Company of Illinois ("Safeco"),[2] the insurer of the Jeep driven by Ms. Spera (owned by her father, Charles F. Spera), was also joined as a defendant and penalties under LSA-R.S. 22:657, 22:658, and 22.1220[3] were sought against this insurer.
On May 16, 2006 State Farm Mutual Automobile Insurance Company ("State Farm") filed a petition of intervention in the lawsuit, asserting that, as the medical payments insurer of Ms Brumfield, it had paid to her $12,340.00, as of that time,[4] and was therefore subrogated to her rights with respect to these medical expenses; judgment was sought against defendants, Ms. Spera and Safeco. On June 8, 2006 State Farm amended its petition of intervention to further seek recovery of $25,000.00 in general damages paid to Ms. Brumfield under its uninsured/underinsured motorist coverage.
The matter proceeding to trial before a jury on June 16-18, 2008. At the conclusion of the trial, the jury returned the following responses on the jury verdict form:
1. Do you find Ashley Spera to have any fault in causing the accident?
 Yes √ No ___
(If the answer is Yes, go to Question No. 2. If the answer is No, sign the Verdict Form and return to the Courtroom).
2. Do you find Sara Brumfield to have any fault in causing the accident?
 Yes √ No ___
3. Do you find the phantom motorist to have any fault in causing the accident?
 Yes √ No ___
4. What percentages of fault, if any, do you find apply to each person whose negligence may have contributed to the accident?

 Ashley Spera 70
 Sara Brumfield 0
 Phantom Motorist 30
 TOTAL (The total must equal 100%) 100

5. What sum of money would reasonably and fairly compensate Sara Brumfield for the loss of the following:

 Past Medical Expenses 0
 Future Medical Expenses 0
 Past Pain and Suffering 0
 Future Pain and Suffering 0
 Loss of Enjoyment of Life 0
 Lost Wages 0
 Property Damages 0
 Total 0

In accordance with the jury verdict, a judgment was signed on June 26, 2008 dismissing the claims of the plaintiffs and those of State Farm. A motion for judgment notwithstanding the verdict filed by the plaintiffs was denied. This appeal followed.
On appeal, the plaintiffs list the following assignments of error:
1. Counsel for Defendant, Ashley Spera committed error by his statements to the jury.
2. The trial court committed error when it failed to give or change jury instructions as requested by Plaintiff.
3. It was error not to find Ashley Spera 100% at fault. Below is non-exclusive list of considerations:
a. Ashley Spera failed to meet her burden of proof that she as a "Rear-ending" vehicle was not at fault.
b. Ashley Spera made an Admission Against Interest/Judicial Admission in the pre-trial order.
c. Ashley Spera lacked credibility, and admitted giving untruthful statements to try to absolve herself in prior accidents. She also told several conflicting stories.
d. Ashley Spera told the "phantom truck driver" he could leave [the scene of the accident].
4. It was manifest error not to allow Dr. David Michael Holdsworth's testimony as an expert, depriving the jury of critical information.
5. The trial court erred when it failed to grant Plaintiffs Motion for Judgment Notwithstanding the Verdict.
6. It was manifest error for the jury to fail to award Plaintiff damages when damages had been supported by the record.
7. It was manifest error for the Jury to give Defense Counsel's non treating expert witness more credibility or weight than all of her treating physicians and physical therapist. Defendant's expert never examined Plaintiff.
8. It was manifest error for the trial judge not to allow Plaintiff to introduce an estimate of future physical therapy in the presence of the jury. The judge stated that the jury could request to see the exhibits at any time during deliberations; however, the jury never requested to see any of Plaintiffs medical exhibits including the estimate of physical therapy.

LAW AND ANALYSIS
A court of appeal may not set aside a trial court's or a jury's finding of fact in the absence of "manifest error" or unless it is "clearly wrong." Rosell v. ESCO, 549 So.2d 840, 844 (La. 1989). The supreme court has announced a two-part test for the reversal of a factfinder's determinations: (1) the appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and (2) the appellate court must further determine that the record establishes that the finding is clearly wrong (manifestly erroneous). Stobart v. State, Department of Transportation and Development, 617 So.2d 880, 882 (La. 1993). See also Mart v. Hill, 505 So.2d 1120, 1127 (La. 1987). Thus, the issue to be resolved by a reviewing court is not whether the trier-of-fact was right or wrong, but whether the factfinder's conclusion was a reasonable one. Stobart v. State, Department of Transportation and Development, 617 So.2d at 882. Where factual findings are based on determinations regarding the credibility of witnesses, the trier-of-fact's findings demand great deference. Boudreaux v. Jeff, XXXX-XXXX, p. 9 (La. App. 1 Cir. 9/17/04), 884 So.2d 665, 671; Secret Cove, L.L.C. v. Thomas, 2002-2498, p. 6 (La. App. 1 Cir. 11/7/03), 862 So.2d 1010, 1016, writ denied, XXXX-XXXX (La. 4/2/04), 869 So.2d 889. Even though an appellate court may feel its own evaluations and inferences are more reasonable than the factfinder's, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony. Rosell v. ESCO, 549 So.2d at 844.
In the instant case, the jury clearly found as a matter of fact that three vehicles were involved in the accident at issue herein, as evidenced by the jury's assignment of fault both to the defendant, Ashley Spera (70%), and to the "Phantom Motorist" (30%). After reviewing the record presented on appeal, we are unable to say the jury committed reversible error in so finding; therefore, the apportionment of fault cannot be disturbed on appeal. We find no merit in the plaintiffs/appellants' assignment of error contending Ashley Spera should have been assessed with 100% fault. Nor do we conclude, as plaintiffs/appellants contend, that the exclusion of expert testimony by Dr. David Michael Holdsworth deprived the jury of any critical information on the issue of fault; we are unable to say the trial court abused its discretion in refusing to qualify Dr. Holdsworth as an expert in accident reconstruction.
However, as to the failure of the jury to award damages to Ms. Brumfield, we find manifest error. The evidence presented established that Ms. Brumfield suffered injury resulting from the accident at issue. Further, there is no reasonable basis present in the record on appeal upon which the jury could have found otherwise. Because the jury erred in the predicate factual determination of the existence of damages, this court should make a de novo determination of an appropriate damage award. See Pena v. Delchamps, Inc., XXXX-XXXX, p. 14 (La. App. 1 Cir. 3/28/07), 960 So.2d 988, 996, writ denied, XXXX-XXXX (La. 6/22/07), 959 So.2d 498.[5]
Damage to the Brumfield vehicle's bumper was documented in the LSU campus police accident report. Even Ms. Spera admitted that the Audi's bumper had been damaged in the accident. Documentation was introduced into the record to show that the cost to repair the Audi was $767.31 and that $326.93 was expended for a replacement vehicle during the time the repairs were being made. Therefore, we find that plaintiffs should be awarded these special damages.
After a thorough review of the evidence presented in this case, we further find that Ms. Brumfield established by a preponderance of the evidence that she sustained a whiplash injury to her neck as a result of this accident. Ms. Brumfield sought medical treatment from chiropractor Dr. David Corbin within days of the accident, and was diagnosed with cervical and thoracic strain. Ms. Brumfield was treated by Dr. Corbin on nine occasions from October 9, 2003 through December 15, 2003, three times in 2004, once in 2006, six times in 2007, and on the Sunday immediately preceding the trial. Additionally, Ms. Brumfield received treatment from Dr. Gary W. Barrow, a specialist in physical and rehabilitation medicine, on four occasions in 2005 and 2006; Dr. Barrow diagnosed her as having a cervical whiplash injury. Ms. Brumfield was further treated by physical therapist Kenneth Martin thirty-seven times between January 19, 2005 and June 2, 2005. Ms. Brumfield testified that prior to the accident she was very active as a swimmer and in weight training, but that subsequent to the accident she was unable to participate in these activities. Ms. Brumfield further testified that her sleeping as well as her studies in pre-med and later as a medical student had been significantly affected by the pain she experiences with her neck injury. We find that the sum of $20,000.00 is appropriate to compensate Ms. Brumfield for the general damages associated with this injury. Ms. Brumfield also established that her personal injury necessitated $13,235.00 in medical expenses, which she is entitled to recover. However, we decline to award damages for future medical expenses or lost wages, as we are unable to say these were proven by a preponderance of the evidence.
Accordingly, we conclude plaintiffs are entitled to recover 70% of these property and personal injury damages from defendants.[6]

CONCLUSION
For the reasons assigned, we affirm the judgment of the trial court, in part, with respect to the allotment of fault, and reverse the judgment, in part, with respect to assessment of damages. Judgment is hereby rendered in favor of Sara Marie Brumfield for 70% of $20,000.00, representing damages assessed herein for personal injuries, and for 70% of $13,235.00, representing medical expenses incurred, and against defendants Ashley Spera and SAFECO Insurance Company of Illinois. Judgment is also hereby rendered in favor of plaintiffs, Sara Marie Brumfield and Arax "Renee" Brumfield, for 70% of $767.31, representing damages assessed for the repair of the 2003 Audi A 4, and 70% $326.93, representing damages assessed for the temporary replacement of said vehicle during the time repairs were made, and against defendants Ashley Spera and SAFECO Insurance Company of Illinois. All costs of this appeal are to be borne by defendants Ashley Spera and SAFECO Insurance Company of Illinois.
JUDGMENT AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.
NOTES
[1] Damages sought encompassed: personal injuries to Ms. Brumfield, damage to the Audi, the cost of a replacement vehicle while repairs were made to the Audi, court costs, and legal interest.
[2] In the petition for damages, Safeco Insurance Company, Safeco Property & Casualty Insurance Companies, and General Insurance Company of America were named as the insurers of the Spera Jeep; however, SAFECO Insurance Company of Illinois answered the suit jointly with Ms. Spera and indicated it was her automobile insurer at the time of the accident.
[3] Louisiana Revised Statute 22:1220 was renumbered as 22:1973 by Acts 2008, No. 415, § 1, effective January 1, 2009.
[4] At the time of trial, evidence was submitted establishing that State Farm had by then paid a total of $13,235.00 in medical expenses on behalf of Ms. Brumfield.
[5] We note that the verdict form failed to include a question on causation, and deficiencies in the jury instructions. Specifically, while the trial judge instructed the jury that the amount of damages awarded "should be unaffected by your decision regarding allocation of fault among the parties in this action," no similar instruction was given regarding the fault of non-parties, such as the phantom driver. (Emphasis added.) The trial judge further instructed the jurors not to "reduce your award based on any fault you may allocate to the plaintiff," but failed to also instruct the jury not to reduce any damage award by the fault allocated to any other person, such as the phantom driver. (Emphasis added.) In addition, the jury interrogatories failed to ask the jury whether the property damages and personal injury damages claimed by Sara Brumfield were caused by the automobile accident (the jury was merely asked what sum of money would "reasonably and fairly compensate" Sara Brumfield for the listed categories of general and special damages). (See LSA-C.C. art. 2315 which obliges any person "that causes damage" to another to repair it. (Emphasis added.)) Further, no jury interrogatory was submitted to the jury in this case inquiring whether the jury found plaintiff suffered injury to either her person or property; therefore, it is difficult for this court to ascertain, on review of this case, what the jury found as a matter of fact on this issue. The jury's award of $0 in damages could reflect that it was unconvinced that Sara Brumfield suffered any injury or property damage as a result of the accident at issue herein, or the jury could have found that injury was sustained but, after taking into account Ms. Brumfield's prior settlement with State Farm (paying for damages caused by the phantom driver), concluded that no damages remained unpaid. (Testimony was elicited from Ms. Brumfield during trial establishing that State Farm, under the Brumfields' uninsured motorist and medical payments coverage, had paid Ms. Brumfield $25,000.00 in general damages, $13,235.00 in medical expenses, and additional sums for repair of the Audi.) Furthermore, the jurors were instructed to assess damages for the "defendant's" (Ashley Spera's) "negligent acts" that would "fairly and adequately compensate the plaintiff for her losses" but not "go beyond that" and to not include an award of punitive damages. The jurors were also instructed that their award of damages was to be "unaffected" by their decision on the allocation of fault and that "you should not reduce your award based on any fault that you may allocate to the plaintiff." (Emphasis added.) The trial judge also charged the jury: "If you decide to make an award, follow the instructions as I give them to you, and do not add or subtract from that award on account of federal or state taxes." The court also instructed the jurors to reduce any award of future medicals and/or lost wages to a present day value. The jurors were further warned against giving a "quotient verdict" (i.e. they were not allowed to average individual juror's suggested damage awards to arrive at an average award). The specification of these various items that the jury was required to and/or prohibited from considering, could have misled the jurors to conclude they were free, in their determination of a damage award, to take into account the fact that Ms. Brumfield had received settlement funds from State Farm since such consideration was not specifically excluded by the trial court's jury instructions. The deduction of an amount representing settlement proceeds previously received by a plaintiff, violates the jury's directive to determine a plaintiffs total amount of damages. See LSA-C.C.P. art. 1812. See also Willie v. American Casualty Company, 547 So.2d 1075 (La. App. 1 Cir. 1989). Nevertheless, our decision herein is not based on these deficiencies, as plaintiffs/appellants perfected no objections in the trial court pertaining thereto and have not raised these issues in their assignments of error on appeal. See LSC-C.P. arts. 1793 and 1812. But, also see Wooley v. Lucksinger, XXXX-XXXX, p. 87 (La. App. 1 Cir. 12/30/08), 14 So.3d 311, 383.
[6] Having decided the appeal on this basis, we find it unnecessary to reach plaintiffs/appellants' other assignments of error. We further note that we make no award to State Farm on its intervention, as State Farm did not appeal the denial of this claim by the trial court.